UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sheila Hirschback,

    Plaintiff,

    v.                                      Case No. 1:12cv713

Commissioner of Social Security          Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's November 22, 2013 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.  (Doc. 16.)

Notice was given to the parties under 28 U.S.C. §636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 17.)  The Commissioner filed a Response to the Objections.  (Doc. 18.)

### I.    BACKGROUND

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.  Plaintiff objects to the Magistrate Judge's R&R on the following bases: (1) the Magistrate Judge found that the ALJ properly weighed the opinions of consultative examiners; (2) the Magistrate Judge found that the ALJ properly assessed Plaintiff's credibility; (3) the Magistrate Judge found that the ALJ properly considered the effect of all

the claimants impairments on her ability to perform other work.

## II. ANALYSIS

### A. Consultative examiners

Plaintiff argues that the ALJ failed to properly weigh the opinions of Dr. Stephen Fritsch and Dr. Phillip Swedburg, who are consultative examiners.

The ALJ rejected Dr. Fritsch's finding that Plaintiff had marked limitations in her ability to withstand stress and pressures associated with day-to-day work activity. Instead, the ALJ adopted the opinion of Dr. Leslie Rudy who reviewed Plaintiff's records and concluded that weight should not be given to Dr. Fritsch's opinion of marked limitations because Plaintiff had recently sought treatment for her psychological symptoms.

Plaintiff argues that the only record accepted between the time when Dr. Fritsch examined Plaintiff and Dr. Rudy evaluated her was exhibit 8F, which are treatment notes from Plaintiff's primary care physician. (Tr. 311-323.) Plaintiff points out that Dr. Rudy states that these treatment notes are faint and difficult to decipher. Plaintiff argues that Dr. Fritsch was in a better position to evaluate Plaintiff because he personally examined Plaintiff and the only records available to Dr. Rudy were faint and difficult to decipher.

However, as the Magistrate Judge noted, the ALJ rejected Dr. Fritsch's assessment of marked limitations because it was "inconsistent with the medical evidence of record as a whole, including findings on his examination." (Tr. 29.) The ALJ explained that Dr. Fritsch noted that Plaintiff was tense and anxious during the evaluation, which indicates moderate limitations in social functioning, and that the marked limitations appeared to be based on Plaintiff's self reports. (Id.) As the Magistrate Judge also

2

noted, there was a second consultative examiner, Dr. Meyer, who also stated that less weight should be given to the opinion of Dr. Fritsch because Plaintiff had responded well to prescription medication, and had little other mental health treatment.

The ALJ was free to reject the opinion of Dr. Fritsch to the extent it was inconsistent with the record, and the ALJ did not need to provide "good reasons" for doing so. As the Sixth Circuit has recently explained:

> Although [the plaintiff] is correct that the opinions of nontreating sources are generally accorded more weight than nonexamining sources, it is not a *per se* error of law, as [the plaintiff] suggests, for the ALJ to credit a nonexamining source over a nontreating source. Any record opinion, even that of a treating source, may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record. *See* 20 C.F.R. §§ 404.1527, 416.927; *Ealy*, 594 F.3d at 514. Moreover, an ALJ need only explain its reasons for rejecting a treating source because such an opinion carries "controlling weight" under the SSA. *See Smith*, 482 F.3d at 876. Accordingly, a claimant is entitled under the SSA only to reasons explaining the weight assigned to his treating sources, independent of the success of his disability benefits claim. *Id.* at 875.

*Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012).

As to the opinion of Dr. Swedburg that Plaintiff would "do best" in a dust-free environment, the ALJ found that the record did not support a limitation for a completely dust-free environment. However, as the Magistrate Judge pointed out, the ALJ did include a limitation that Plaintiff "must avoid concentrated exposure to extreme cold, [and] even moderate exposure to environmental irritants such as fumes, odors, dusts, and gases."

Therefore, the Court concludes that there was no error in the Magistrate Judge's finding that the ALJ properly weighed the opinion evidence.

3

## B. <u>Credibility</u>

Plaintiff argues that the ALJ erred in assessing her credibility.

As the Magistrate Judge explained: "[t]he ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987)). However, the Sixth Circuit has explained:

> the ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." Soc. Sec. Rul. 96–7p, 1996 WL 374186, at * 4. Rather, such determinations must find support in the record. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record." The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. Consistency of the various pieces of information contained in the record should be scrutinized. Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007). As the Magistrate Judge detailed in her R&R, the ALJ considered the entire record and there was substantial evidence to support the ALJ's decision to discount Plaintiff's credibility as it relates to her psychological symptoms.

## C. <u>RFC determination</u>

Plaintiff's final argument is for the most part a restatement of her previous arguments. Plaintiff argues that the ALJ erred in weighing the medical opinions and in determining Plaintiff's credibility, which resulted in an erroneous RFC determination.

4

Because these arguments have been addressed, the Court will not restate them here.

### III.    CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's November 22, 2013 R&R (Doc. 16) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            Michael R. Barrett, Judge
                                            United States District Court